IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIE BACHICHA,

    Petitioner,

v.                                        CIV 09-903 RB/GBW

ANTHONY ROMERO, Warden,

    Respondents.

## **PROPOSED FINDINGS & RECOMMENDATION**

This matter is before the Court on Willie Bachicha's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case.  *E.g., Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008).  All of the issues can be resolved on the record before me, and, therefore, an evidentiary hearing is unnecessary.  *E.g., Schriro v. Landrigan*, 550 U.S. 465, 475 (2007); *Sandoval v. Ulibarri*, 548 F.3d 902, 915-16 (10th Cir. 2008).  For the reasons discussed below, I recommend that Mr. Bachicha's petition be dismissed as without merit.

### **STANDARD OF REVIEW**

Under AEDPA standards, if a state court addresses a claim on the merits, a

federal court cannot grant an "application for a writ of habeas corpus" unless the State decision was (1) "contrary to" or an "unreasonable application" of "clearly established" Supreme Court precedent or (2) an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Supreme Court and Tenth Circuit have discussed these deferential AEDPA standards in detail in many opinions, and I will not reiterate them here.[1] These standards apply to decisions on the merits regardless of whether the State opinion is conclusory. *See Aycox v. Lytle,* 196 F.3d 1174, 1177-78 (10th Cir. 1999).

Furthermore, even if a federal habeas court finds that the state court decision was "contrary to" or "unreasonable" and a violation of constitutional dimension, habeas relief may not issue unless the violation is of a sort that warrants such relief. *E.g., Terry Williams v. Taylor,* 529 U.S. 362, 375 (2000) ("It is, of course, well settled that the fact that constitutional error occurred in the proceedings that led to a state-court conviction may not alone be sufficient reason for concluding that a prisoner is entitled to the remedy of habeas."); *Wilson v. Sirmons,* 536 F.3d 1064, 1073 (10th Cir. 2008) ("If we find that the state court erred, we still must determine whether the error is a structural defect 'in the

---

[1] *E.g., Panetti v. Quarterman,* 551 U.S. 930, 953-54 (2007) (and cases cited therein); *Fry v. Pliler,* 551 U.S. 112, 119-120 (2007) (same); *Wilson v. Sirmons,* 536 F.3d 1064, 1073-74 (10th Cir. 2008), *rehearing en banc granted on separate issue,* 549 F.3d 1267 (10th Cir. 2008); *House v. Hatch,* 527 F.3d 1010, 1018-20 (10th Cir. 2008); *DeLozier,* 531 F.3d at 1319; *Johnson v. Mullin,* 505 F.3d 1128, 1133-34 (10th Cir. 2007).

constitution of the trial mechanism, which def[ies] analysis by "harmless-error" standards.'")(quoting *Arizona v. Fulminante*, 449 U.S. 279, 309 (1991)), *rehearing en banc granted on separate issue,* 549 F.3d 1267 (10th Cir. 2008).  Finally, when a claim that is raised for the first time in federal habeas is "easily resolvable against the habeas petitioner," the court may deny the claim on the merits.  *E.g., Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); 28 U.S.C. § 2254(b)(2).  Because I find the state court applied the correct precedent and its determination was reasonable, I recommend the petition be dismissed.

## BACKGROUND

On October 21, 2004, a jury found Mr. Bachicha guilty of several offenses surrounding a physical altercation he had with his aunt and uncle.[2]  *Doc. 7*, Ex. C.  On February 7, 2005, Petitioner was sentenced to eleven years of imprisonment and two years parole for his convictions of Aggravated Battery, Bribery or Intimidation of a Witness, Aggravated Assault with a Deadly Weapon, and Battery.  *Doc. 7*, Ex. A at 2-3.  On April 17, 2007, Mr. Bachicha challenged his conviction via a state petition for habeas corpus.  *Doc. 7*, Ex. B.  A New Mexico trial court then granted partial habeas relief on December 6, 2007 by ordering Mr. Bachicha's trial counsel to file a Notice of Appeal.

---

[2] Mr. Bachicha was also acquitted of several charges, *Doc. 7*, Ex. A at 4, and the court and prosecution each dismissed charges as well.  *Id*.

*Doc. 7*, Ex. C.[3]

On December 21, 2007, Petitioner's trial counsel filed a Notice of Appeal, *Id.,* Ex. D, and on January 28, 2008, he filed his appellate Docketing Statement. *Id.*, Ex. E. On March 20, 2008, the New Mexico Court of Appeals filed a proposed summary disposition in which it proposed dismissing Petitioner's appeal. *Id.*, Ex. F. On July 1, 2008, Petitioner objected to the proposed order. *Id.*, Ex. G. Nonetheless, the Court of Appeals dismissed Mr. Bachicha's appeal in a Memorandum Order filed on August 11, 2008. *Id.*, Ex. H. The New Mexico Supreme Court denied Mr. Bachicha's petition for certiorari on September 30, 2008. *Id.*, Ex. J & K.

On February 6, 2009, Mr. Bachicha filed a second state habeas petition, raising claims that differed from his first petition but which mirror the instant federal habeas petition.[4] *Id.*, Ex. L. On February 26, 2009, the state district judge summarily denied Mr.

---

[3] When the court ordered the filing of the notice of appeal, it stated that it would hold the remaining claims of the habeas petition in abeyance pending resolution of the direct appeal. *Doc. 7*, Ex. C. However, the Docket Sheet for the case number assigned to that petition, D-424-CV-200700047, reflects that the case was closed the same date as the order was entered. *Id.* at Ex. Q.

[4] Petitioner's application is somewhat confusing on this point. In the attachments which he provides, the second petition carries the same case number as the first: D-424-CR-2007-47. *See Doc. 1,* Attachments; *Doc. 7*, Ex. N. However, petitioner's copy is not a file-stamped copy. The state's copy of the second petition is file-stamped and it reflects a new case number of D-424-CV-2009-09. *See Doc. 7*, Ex. L. It is the petition under this '2009' case number that was summarily dismissed by the state district judge on February 26, 2009. *Id.*, Ex. M & R. This discrepancy is only relevant on the issue of exhaustion. I have construed these facts in the light most favorable to Mr.

Bachicha's petition. *Id.,* Ex. M & R.  On March 17, 2009, Mr. Bachicha petitioned for certiorari for review of the dismissal of his second habeas petition. *Id.,* Ex. N.  On April 2, 2009, the New Mexico Supreme Court denied certiorari. *Id.,* Ex. O.  Finally, on September 17, 2009, Mr. Bachicha filed his federal habeas petition in this Court. *Doc. 1.*

## DISCUSSION

Mr. Bachicha seeks habeas relief on several grounds.  I have construed his claims liberally, arranged them topically, and categorized and analyzed them under the proper legal theories based on the facts he asserts. *See, e.g., Roman-Nose v. New Mexico Dept. of Human Servs.,* 967 F.2d 435, 437 (10th Cir. 1992) ("The characterization of the action and the claim for relief by a *pro se* litigant is not dispositive on the availability of relief in federal court."); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) ("A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").  Because none of Petitioner's arguments entitle him to habeas relief, I recommend that Mr. Bachicha's petition be denied.

### Ineffective Assistance of Counsel

Petitioner grounds his claim of ineffective assistance of counsel on a number of incidents and omissions.  He brought all of these allegations in his second state habeas

---

petitioner and conclude that he submitted all the claims made in his federal petition to the state court in his second petition. *See Id.,* Ex. M & Q; *see also id.,* Ex. N & O.

petition. *Doc. 7*, Ex. L. Petitioner claims his counsel incompetently handled defense witness statements and failed to ensure all witnesses were allowed to testify. *Doc. 1* at 2-3;[5] *see* state petition allegations at *Doc. 7.* Ex. L at 4, 6. Petitioner also claims that his attorney was not aggressive enough on cross-examination of the state's witnesses, failed to convince the judge to allow a claim of self-defense, and failed to request instruction on lesser included offenses. *Doc. 1* at 3-4; *see* state petition allegations at *Doc. 7*, Ex. L at 3, 5. He further asserts that, even if these errors are not alone enough to show a due process violation, the cumulative effect of the errors does create a constitutional violation. *Doc. 1* at 4; *see* state petition allegations at *Doc. 7,* Ex. L at 5.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008). A petitioner must also demonstrate that he was prejudiced by his counsel's ineffectiveness, meaning that he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. This two-part standard requires that counsel's performance be evaluated from the attorney's

---

[5] The copy of the petition on file with the Court has six pages, but the pages are not numbered and the second and third pages are identical. The Court has numbered the pages for ease of reference and has skipped the duplicate page.

perspective at the time of the assistance, considered in light of all the circumstances prevailing at that time, and the court must indulge a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." *Id.* at 689; *see also Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999) ("To prove deficient performance, [the petitioner] must overcome the presumption that counsel's conduct was constitutionally effective . . . . For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong."). Finally, because the state court has already decided these issues against the petitioner, the federal court "cannot grant relief unless the state court's result is legally or factually unreasonable." *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999).

**Petitioner's Ineffective Assistance Claims Fail Because He Has Not Shown Prejudice**

A court may, and in some instances should, address the prejudice prong first and proceed to the competence prong only if prejudice is shown:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland v. Washington*, 466 U.S. 668, 697 (1984).

To establish prejudice, a defendant "must show that, but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different.

A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sallahdin v. Gibson,* 275 F.3d 1211, 1235 (10th Cir. 2002)(internal citations omitted). It is the petitioner's burden to present the facts that support such a finding. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting *pro se* petitioner's allegations of ineffective assistance because they were conclusory and lacked supporting factual averments). If a petitioner fails to present such facts, his claim fails. *See Cummings v. Sirmons*, 506 F.3d 1211, 1228-35 (10th Cir. 2007).

First, Petitioner claims that his counsel was ineffective because he did not ensure that all of his witnesses were allowed to testify when the trial judge requested a shorter time-frame. *Doc. 1* at 3. Petitioner does not state which witnesses should have been called, what their testimony would have been, or how that testimony would have swayed the outcome of his convictions. As in *Cummings*, "it is impossible to determine whether there is any merit to this argument" due to a lack of factual development of Petitioner's claim. *Cummings*, 506 F.3d 1211 at 1234. Thus, he has failed to show prejudice on this claim.

Similarly, Petitioner alleges that his counsel failed to "ensure that the Prior Statement of Witness (RULE 613(a)(b)) were in order, nor were any of the witness statements insured [sic] that they met Rule 901(b)(1)." *Doc. 1* at 3. N.M.R.A. Rule 11-613(A) requires that, when examining a witness about a prior statement, counsel must

provide opposing counsel a copy of that prior statement if so requested.  N.M.R.A. Rule 11-613(B) explains when extrinsic evidence of a prior inconsistent statement is admissible.   N.M.R.A. Rule 11-901 lays out the requirements for authentication and identification.  Petitioner does not explain in what way or with which witnesses these rules were violated, nor does he explain how these alleged violations, if corrected, might have changed the outcome.  "Although we must liberally construe Defendant's *pro se* petition, we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citations omitted).  Thus, Petitioner has not shown prejudice as to these claims.

Petitioner next asserts that his counsel was ineffective because he "did not pursue the states [sic] witnesses aggressively."  *Doc. 1* at 4.  This is a question of fact that has already been decided by the state court.  When affirming Petitioner's convictions on direct appeal, the New Mexico Court of Appeals found that "a review of the tape log indicates that counsel vigorously cross-examined witnesses."  *Doc. 7*, Ex. H at 7.  Although conclusions as to both prongs of the *Strickland* test are mixed questions of law and fact that are not entitled to §2254(e)(1) deference,[6] whether counsel vigorously

---

[6] "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Strickland*, 466 U.S. at 697.  "AEDPA does not require us to apply a presumption of correctness to a question of law or to an

cross-examined a witness is a question of fact, and the state's decision must stand unless a petitioner rebuts "the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *see also McLuckie v. Abbott,* 337 F.3d 1193, 1197 (10th Cir. 2003). In support of his claim that counsel was not sufficiently aggressive, Petitioner merely states, "records will reflect this." *Doc. 1* at 3. He does not say which records nor what specifically they would reflect. He has, thus, not met his burden, and the state court's factual determination must stand. Given the fact that his counsel vigorously cross-examined witnesses, Mr. Bachicha cannot establish prejudice based on counsel's failure to do so.

Next, Petitioner asserts that his counsel failed to request instructions on a lesser included offense or obtain Petitioner's waiver. *Doc. 1* at 4. A lesser-included offense instruction is required when there is "evidence to support a finding that the lesser offense was committed while the greater offense was not." *United States v. Scalf*, 708 F.2d 1540, 1546 (10th Cir. 1983). Petitioner does not identify which lesser included offense his counsel failed to request, much less does he point to any evidence that would "support a finding that the lesser offense was committed while the greater offense was not." *Id*. His claim is further undermined given that, surrounding at least

---

ultimate mixed question of law and fact." *Herrera v. Lemaster,* 225 F.3d 1176, 1178-79 (10th Cir. 2000). State court decisions as to claims that were adjudicated on the merits, however, are still entitled to the deference afforded under § 2254(d)(1). *Id*.

two of Petitioner's violent acts, he *was* convicted of a lesser included offense: for the altercation with Frank Sandoval, Petitioner was found guilty of aggravated battery and not guilty of attempted murder; and, for the altercation with Agneda Sandoval, Petitioner was found guilty of battery but not guilty of aggravated battery.  *Doc. 7*, Ex. A.  Therefore, contrary to Petitioner's claim, the record indicates that the jury was instructed about lesser-included offenses.  In light of this record, Petitioner's conclusory allegation is insufficient to support the claim that his counsel failed to request an appropriate lesser-included offense instruction, much less that he suffered prejudice from the alleged failure.

Finally, Mr. Bachicha argues that the cumulative effect of these errors was prejudicial, even if individually the errors were not.[7]  "Under *Strickland*, 'all acts of inadequate performance may be cumulated in order to conduct the prejudice prong.'"

---

[7] The state construed the petition as asserting another ground for ineffective assistance: counsel's failure to convince the judge to allow a claim of self-defense.  *Doc. 7* at 4.  Clearly, Petitioner made this claim in his state petition.  *Doc. 7*, Ex. L at 3 ("counsel refused to make the core issue in the petitioner's trial, the act of self defense.").  He appears, however, to have abandoned the claim in his federal petition (though he makes passing reference to it in his claim for cumulative error: "counsel's omittance [sic] of self-defense strategies and. . . spells out multiple counsel errors." *Doc. 1* at 4.)  Petitioner does not say what self-defense strategies, beyond those already employed by his counsel, should have been used or how those strategies would have increased the likelihood of an acquittal.  Though I construe his petition liberally, the petitioner "must make some proffer as to how different trial choices would have improved his chances of acquittal.  He has not done this; [I] therefore cannot find prejudice."  *Wesley v. Snedeker*, 284 F. App'x 521, 526 (10th Cir. 2008).

*Gonzales v. Tafoya*, 515 F.3d 1097, 1126 (10th Cir. 2008)(citing *Gonzales v. McKune* 247 F.3d 1066, 1078 n. 4 (10th Cir. 2001)(cumulative error discussion vacated in *Gonzales v. McKune*, 279 F.3d 922 (10th Cir. 2002)).  However, Mr. Bachicha has failed to demonstrate any meaningful prejudice on any of his ineffective assistance of counsel claims.  There are simply no errors or prejudice to accumulate in the instant case.  *See Cummings*, 506 F.3d at 1234 ("Without a more precise identification of what 'inconsistencies' Cummings is referring to, it is impossible to determine whether there is any merit to this argument. Thus, we conclude Cummings has failed to establish the existence of either *Strickland* prong with respect to this claim."); *see also Gonzales v. Tafoya*, 515 F.3d 1097, 1126 (10th Cir. 2008)("[W]e have concluded that Mr. Gonzales's counsel's performance was not constitutionally deficient, and so there is no error to cumulate."). Moreover, the record suggests Petitioner would be hard-pressed to demonstrate any cumulative prejudice.  The New Mexico Court of Appeals said it best:

> Defense counsel achieved significant success, obtaining an acquittal on the attempted murder charge (count I), acquittals on counts XII and XV. [RP341].  It appears that Defendant was acquitted on Count VIII, as well, though the record is not entirely clear on this point. [RP 341 (acquitting Defendant for the count related to Patricia Sanchez)].  Counsel's representation also resulted in a hung jury on two counts (counts XI and XIV). [RP 341].  In addition to this tangible success, a review of the tape log indicates that counsel vigorously cross-examined witnesses, and called an expert witness on Defendant's behalf.  For these reasons, the record suggests that Defendant received extraordinarily effective representation.

*Doc. 7*, Ex. H at 6-7.  Admittedly, the Court of Appeals was addressing different

grounds for ineffective assistance of counsel, and, in any event, findings as to the prongs of *Strickland* are not entitled §2254(e)(1) deference.[8]  Nonetheless, Petitioner's meaningful successes at trial undermine any claim of cumulative prejudice from ineffective assistance of counsel.

## Judicial Bias & Abuse of Discretion

Petitioner next asserts that he was denied a fair trial because the trial judge abused his discretion and was biased in favor of the state.  Petitioner's sole support for this allegation is that the judge twice brought the prosecutor, defense counsel and defendant into the judge's chambers without a stenographer being present and "made it clear that he would not entertain a clear and decisive defense by the petitioner's counsel."[9]  *Doc. 1* at 5-6.

To succeed on a judicial bias claim, a petitioner has the burden of overcoming the presumption of judicial impartiality.  *See e.g. Bracy v. Gramley*, 520 U.S. 899, 909 (1997); *Knapp v. Janecka*, 337 F. App'x 766, 772 (10th Cir. 2009).  The Tenth Circuit has explained

---

[8]  *See supra* note 6.

[9]  As a preliminary matter, this Court notes that it will not review whether the absence of a stenographer in the in-chambers meetings violated New Mexico law.  "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"  *Estelle v. McGuire,*  502 U.S. 62, 67 (U.S. 1991)(citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (U.S. 1990).  Instead, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Id.* at 68.

that a petitioner "may show judicial bias in one of two ways. First, he may demonstrate actual bias. . . . Or, he may demonstrate that circumstances were such that an appearance of bias created a conclusive presumption of actual bias." *Fero v. Kerby*, 39 F.3d 1462, 1478 (10th Cir. 1994). The Tenth Circuit has adopted the reasoning of the Seventh Circuit regarding when the appearance of bias rises to the level of a due process violation:

> When the Supreme Court talks about the "appearance of justice," it is not saying that bad appearances alone require disqualification; rather, it is saying that when a judge is faced with circumstances that present "some [actual] incentive to find one way or the other" or "a real possibility of bias," a court need not examine whether the judge actually was "biased." Without an incentive for actual bias, however, disqualification is not required regardless of appearances.

*Id.* (*citing Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363 (7th Cir.1994) (en banc)) (citations omitted).

Petitioner has not alleged any incentive for his state trial judge to be biased against him and, therefore, any claim based on appearance must fail. So, Petitioner is left only with a claim of actual bias.

Disqualification due to actual bias "is a serious matter and should only be required when the evidence is compelling." *Id.* It is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also U.S. v. Nickl*, 427 F.3d 1286, 1298 (10th

Cir. 2005) (calling court's refusal to grant defense counsel's requests for a continuance to brief *Blakely* issues and for an additional jury instruction regarding its reprimand and ejection of a witness, "merely adverse rulings" and rejecting petitioner's claim of bias.) "Likewise, '[a] judge's ordinary efforts at courtroom administration,' even if 'stern and short-tempered,' are 'immune' from charges of bias and partiality. Although a judge's remarks during the course of a trial may be 'critical,' 'disapproving,' or 'hostile' to a party, usually they will not support a partiality charge." *Nickl*, 427 F.3d at 1298 (citing *Liteky*, 510 U.S. at 555).

Here, Petitioner asserts simply that the judge, during recesses with the parties, but without a stenographer, "made it clear that he would not entertain a clear and decisive defense by the petitioner's counsel." *Doc. 1* at 5. Petitioner does not further detail what the judge said that gave Petitioner this impression. As discussed above, there is no support in the record that Mr. Bachica's counsel was cowed into providing only a weak defense case. *See supra* pp. 9-12. Without more, Petitioner is far from satisfying his burden of overcoming the presumption of judicial impartiality with compelling evidence.

While Petitioner's federal application does not include any further facts about these alleged unrecorded meetings, his handwritten state petition (which is attached to his federal petition) does give additional facts. *Doc. 1* at 18. In the state petition, when

15

describing one of the questions presented for review, Mr. Bachicha wrote:

> Whether the trial court erred in: The question remains, was there judicial bias and/or abuse of discretion.  The Honorable Eugenio S. Mathis recusal himself from the district level habeas corpus (in closed reason).  yes the court on two different occation called A.D.A., Defendant, Defendant's counsel to his chambers and ordered (without recording) that self-defense defense was out of the question. [sic]

*Id.*  This allegation fits with the claim made in Mr. Bachicha's federal petition entitled "GROUND 3.  Failure To Request Instructions On A Lesser Included Offenses, Or Obtain Petitioner's Waiver."  *Doc. 1* at 4.  In this section of his federal petition, Petitioner alleges that the trial judge prevented Petitioner's counsel from presenting a self-defense case.  *Id.*  Therefore, this Court will assume that the judge's alleged prohibition of a self-defense theory was the specific mechanism by which the judge in the chambers meeting "made it clear that he would not entertain a clear and decisive defense by the petitioner's counsel."

Nonetheless, even incorporating these additional facts into Mr. Bachicha's federal petition, he fails to present a viable claim of judicial bias.  First, as a factual matter, Mr. Bachicha's defense case at trial *was* based in part on the theory of self-defense.  *See Doc. 7*, Ex. H at 7("Defendant's defense appears to have involved self-defense. . .").  Second, even assuming the trial judge curtailed aspects of Petitioner's defense or administered the courtroom in a manner not to Petitioner's liking, such adverse rulings standing alone are insufficient to support a partiality charge.  *See Liteky*,

16

510 U.S. at 555; *Nickl*, 427 F.3d at 1298.

Given that Petitioner has neither pointed to a direct interest the judge had in the outcome of the trial, nor has he presented compelling evidence of actual bias, he has not met his burden in overcoming the presumption of judicial impartiality.  Therefore, I do not find that the state court's decision rejecting this claim was (1) "contrary to" or an "unreasonable application" of "clearly established" Supreme Court precedent or (2) an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

## **Fundamental Error**

Lastly, Petitioner claims that the trial court committed fundamental error when it enhanced his conviction for aggravated assault with great bodily harm instead of leaving the issue of enhancement to the jury as required by *Blakely v. Washington*, 542 U.S. 296 (2004).  *Doc. 1* at 5.  To be precise, Mr. Bachicha was not convicted of aggravated assault with great bodily harm as stated in his petition.  *See Doc. 7*, Exh A. He was convicted of "Aggravated Battery (with great bodily harm . . .)," and of "Aggravated Assault with a Deadly Weapon."  *Id*.  Both convictions, however, did carry an extra year of imprisonment due to a habitual offender enhancement.  The Court assumes that it is with one or both of those enhancements that Petitioner takes issue.  *Id.*

*Blakely* applied the rule decreed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000):

17

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. 296 at 301.  A fundamental error is a "structural defect affecting the framework within which the trial proceeds." *House v. Hatch*, 527 F.3d 1010, 1026 (10th Cir. 2008)(citing *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)).  Examples include the total deprivation of the right to counsel at trial, judicial bias, unlawful exclusion of members of defendant's race from a grand jury, the right to self-representation at trial, and the right to a public trial.  *Arizona*, 499 U.S. at 309-10.  The Supreme Court has held that *Blakely* violations do not rise to the level of fundamental error.  *Washington v. Recuenco*, 548 U.S. 212, 218-19 (U.S. 2006).  Accordingly, I construe Mr. Bachicha's argument as two claims: one for an *Apprendi* violation, and one for fundamental error generally.

Even without addressing whether Mr. Bachicha's sentence went beyond a prescribed statutory maximum, it is clear Petitioner's claim is without merit.  The trial court found that Petitioner was a habitual offender with one prior conviction pursuant to N.M.S.A. 1978, § 31-18-17.  *Doc. 7*, Ex. A.  As per that statute, the court increased the sentences for Mr. Bachicha's felonies by one year.  *Id.*; N.M.S.A. 1978, § 31-18-17(A)("A person convicted of a noncapital felony in this state. . . who has incurred one prior felony conviction that was part of a separate transaction. . . is a habitual offender and

18

his basic sentence shall be increased by one year."). This statute requires no findings of fact beyond the fact of a prior conviction, and, thus, plainly fits within *Apprendi*'s exception to the jury finding requirement. Petitioner has alleged no other grounds for his fundamental error claim, and I see none. Therefore, with respect to its rejection of this claim, I do not find that "the state court's result is legally or factually unreasonable." *Aycox*, 196 F.3d at 1178.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Mr. Bachicha's petition be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE